Nott, J.
If it were to be understood that the titles ' were executed by the plaintiff, and not accepted by the defendant, I should concur wdth the presiding judge in opinion. Either of the parties may recede as long as the contract is in parol. But the brief states, that “ the plaintiff offered to prove that he bad made titles, and that the defendant entered and continued to exercise acts of ownership over it.” The judge appears to accede to the correctness of that statement, because he refers to it in his report and says: “ the ground taken in the notice is, that where the contract has been executed by one party, assumpsit may be maintained for the purchase money. I thought differently.” The judge says therefore expressly, that admitting the fact as set forth by the plaintiff, he was of opinion, that the action could not be maintained. In that opinion 1 cannot concur. After the titles were made and accepted, it was no longer a contract respecting the sale of land. The contract was at an end, and there was *422 nothing left but a promise to pay in consideration of the land thus actually transferred.
Lwy & Wilkins, for appellant.
Evans & Coggrshall, contra.
If the piomise had been in consideration of a verbal promise which had not been executed, it certainly could not have been inforced. But having been made fora consideration actually received the plaintiff was entitled to recover. It is said that this is only the statement of counsel of what he could prove, but that no such evidence was given. But the evidence was not offered, because the presiding judge held that it was not admissible. I am of opinion that the motion to set aside the nonsuit ought to prevail.